LYNT v. MOORE.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

1. EVIDENCE—ADMISSIONS IN PLEADING.

In an action for injuries caused by the bite of a dog, an allegation in the complaint that defendant was "the owner of a certain dog" was admitted; but a further allegation of the complaint that defendant's said dog bit plaintiff, and that defendant had previous knowledge of the mis-

chievous and vicious propensities of said dog, was denied by the answer. *Held*, that defendant did not admit that he was the owner of the dog which bit plaintiff.

2. SAME—ADMISSIBILITY.

In an action for injuries caused by the bite of a dog, it is error to admit evidence that the majority of Irish setters, though faithful about a house, are very snappish, where there is no evidence whether the dog which bit plaintiff was a real Irish setter.

Appeal from circuit court, Westchester county.

Action by Herbert Lynt against Edward C. Moore, Jr., to recover damages for the bite of a dog. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals. Reversed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Charles P. McClelland, for appellant.
William A. Jaycox, for respondent.

BARTLETT, J. The plaintiff in this action has recovered a judgment for $250 and costs against the defendant, as damages for injuries alleged to have resulted from the bite of a dog belonging to the defendant. The evidence in the case shows, without contradiction, that the defendant was neither the owner nor the keeper of the dog by which the plaintiff was bitten. Nevertheless, the defendant was held liable as the owner, by reason of the construction which the trial court put upon the pleadings.

The complaint alleged that the defendant was a resident of Westchester county, in this state, and was, at the times set forth therein, "the owner of a certain dog." These allegations were admitted by the answer. The complaint went on to aver that on or about the 14th day of November, 1893, "defendant's said dog bit this plaintiff in the leg," to his damage in the sum of $5,000; that defendant had previous knowledge of the mischievous and vicious propensities of said dog; and that said injury was caused to the plaintiff, without any negligence on his part. These averments were all denied by the answer.

From this statement of the contents of the pleadings, it will be observed that, while the defendant admitted the ownership of a certain dog, he did not admit that he was the owner of the dog which was alleged to have bitten the plaintiff. Upon the trial, the proof showed that the dog which bit the plaintiff was owned, not by the defendant, but by a coachman in the employ of the defendant's mother; yet, notwithstanding the uncontroverted evidence to this effect, the trial judge charged the jury that the ownership of the dog, under the peculiar form of the pleadings, was admitted by the defendant. We think this view was erroneous, and that the error calls upon us to reverse the judgment. It is true that an action may be maintained to recover damages for injuries inflicted by a dog accustomed to bite mankind, against a person who keeps such an animal, even if he is not the owner. As Lord Tenterden

said, in M'Kone v. Wood, 5 Car. & P. 1: "The harboring a dog about one's premises, or allowing him to be or resort there, is a sufficient keeping of the dog to support this form of action." But there was no evidence in the present case sufficient to render the defendant liable as the keeper of the dog which bit the plaintiff. The premises upon which the dog was kept by the coachman were occupied by the defendant's mother as a tenant, and it does not appear that defendant had any control over them whatever. He merely lived there with his mother.

There was also an error in the admission of evidence, to which it is proper to call attention, lest it should be repeated upon another trial. The plaintiff, against the objection and exception of the defendant, was allowed to testify that the majority of Irish setters, although generally very faithful about a house, were very snappish. The language of the learned trial judge, in overruling the objection to this testimony, shows that he entertained serious doubt as to its admissibility. We think it should have been excluded, in view of the fact that the witness himself admitted that he could not tell whether the dog which bit him was a real Irish setter or a mongrel, and there was no other witness in the case from whose testimony the particular breed of the dog could be inferred.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.